UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Case Number 06-20364-7-BC
v.                                       Honorable Thomas L. Ludington

THOMAS MCCRAY,

        Defendant.
_____ /

**ORDER DENYING DEFENDANT'S "MOTION TO REQUEST SUMMARY JUDGMENT IN CONJUNCTION TO THE NEW MANDATORY AMENDMENT REGARDING 18 U.S.C. 924(C)(1)"**

On October 31, 2007, Defendant Thomas McCray entered a guilty plea to count 21 of the indictment, charging Defendant with distribution of less than 5 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(C), and count 25 of the indictment, charging Defendant with possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). On April 29, 2008, Defendant was sentenced to 170 months in prison, including 110 months for distributing cocaine base and an additional 60 months, to be served consecutively, for possession a firearm in furtherance of that crime. Defendant now contends that the conviction on the firearm charge as well as the 60-month consecutive sentence were imposed in error. On November 29, 2010, the government filed a response, contending that Defendant's motion should be denied.

Defendant's first apparent challenge relates to the factual basis for his guilty plea on the firearm charge. He contends that he did not "actively employ" the firearm in connection with the drug trafficking crime, as *Bailey v. United States* required. 516 U.S. 137 (1995). Defendant's first challenge fails because he is not permitted to challenge the factual basis for a guilty plea on

collateral review two years after the plea was entered, by motion pursuant to 28 U.S.C. § 2255 or otherwise. *United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1999) (en banc). Moreover, Congress amended § 924 in response to *Bailey* to make clear that mere possession of a firearm in furtherance of a drug trafficking crime is prohibited by the statute. *See United States v. O'Brien*, 130 S. Ct. 2169, 2171 (2010).

Defendant's second apparent challenge contends that he should not have received a consecutive sentence pursuant to *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). *Almany* was decided two years after Defendant was sentenced. As such, it does not apply to his case. Moreover, it was overruled by the Supreme Court eight months after it was decided. *Abott v. United States*, 131 S. Ct. 18 (2010).

Accordingly, it is **ORDERED** that Defendant's "motion to request summary judgment in conjunction to the new mandatory amendment regarding 18 U.S.C. § 924(c)(1)" [Dkt. # 240] is **DENIED**.

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: December 3, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 3, 2010.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS